IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS HUERTA IBARRA,

    Plaintiff,                  CV F 06 1840 AWI WMW P

    vs.                          ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

JAMES A TILTON,

    Defendant.

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the original complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at Pleasant Valley State Prison, brings this civil rights action against defendant James Tilton, Secretary of the California Department of Corrections and Rehabilitation.

        Plaintiff's sole claim in this complaint is a challenge to the CDCR's policy regarding contact visitation.  Plaintiff contends that because his underlying conviction involves a sex crime, he is not allowed contact visitation.   Plaintiff specifically alleges that "state law orders a restriction on visiting with the child victims of the inmate's sex crimes, but no restrictions on visiting with minors who are not the victims."   Plaintiff appears to be

1  challenging Title 15, Division 3, Section 3173.1(b), which directs that visits between inmates
2  incarcerated for sex crimes and minors who had not been the victims of the inmate's crimes be
3  non contact visits.   The bulk of Plaintiff's complaint is taken up with arguments as to why this
4  should not be the case.
5        To warrant relief under the Civil Rights Act, a plaintiff must allege and show that
6  defendant's acts or omissions caused the deprivation of his constitutionally protected rights.
7  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a
8  plaintiff must allege that: (1) a person was acting under color of state law at the time the
9  complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,
10 privileges or immunities secured by the Constitution or laws of the United States.  Paratt
11 v.Taylor, 451 U.S. 527, 535 (1981).
12        The Due Process Clause does not guarantee a right of unfettered visitation.
13 Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Keenan v. Hall, 83 F.3d
14 1083, 1092 (9th Cir. 1996).   In order to state a cause of action for deprivation of procedural due
15 process, a plaintiff must first establish the existence of a liberty interest for which the protection
16 is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.
17 Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). "The denial of prison access to a particular
18 visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,'
19 and therefore is not independently protected by the Due Process Clause." Kentucky Dep't of
20 Corr., 490 U.S. at 460 (quoting Hewitt, 459 U.S. at 468).  With respect to whether plaintiff has a
21 liberty interest arising from state law, the existence of a liberty interest created by prison
22 regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515
23 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom
24 from restraint which "imposes atypical and significant hardship on the inmate in relation to the
25 ordinary incidents of prison life." Id. at 484.
26

Prisoners also have no right to contact visitation. Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994)(*per curiam*); Casey v. Lewis, 4 F.3d 1516, 1523 (9th Cir. 1993); Toussaint v. McCarthy, 801 F.2d 1080, 1113-14 (9th Cir. 1986).

Here, Plaintiff's sole claim is that, though he is allowed visitation, it is not contact visitation. The law on this matter is clear. In order to state a claim for relief, Plaintiff must allege that he has been deprived of a protected interest. Plaintiff has not right to contact visitation. There are no allegations that Plaintiff has been deprived of all visitation. Plaintiff has therefore failed to state a claim upon which relief could be granted. The complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   July 2, 2007                          /s/  William M. Wunderlich
                                        UNITED STATES MAGISTRATE JUDGE