IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS HUERTA IBARRA,

    Plaintiff,                    CV F 06 1840 AWI WMW P

    vs.                          FINDINGS AND RECOMMENDATION

JAMES A TILTON,

    Defendant.

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the August 1, 2007, first amended complaint filed in response to an earlier order dismissing the original complaint with leave to amend.. Plaintiff, an inmate in the custody of the California Department of Corrections at Pleasant Valley State Prison, brings this civil rights action against defendant James Tilton, Secretary of the California Department of Corrections and Rehabilitation.

        Plaintiff's sole claim in this complaint is a challenge to the CDCR's policy regarding contact visitation. Plaintiff contends that because his underlying conviction involves a sex crime, he is not allowed contact visitation. Plaintiff specifically alleges that "state law orders a restriction on visiting with the child victims of the inmate's sex crimes, but no restrictions on visiting with minors who are not the victims." Plaintiff appears to be challenging

Title 15, Division 3, Section 3173.1(b), which directs that visits between inmates incarcerated for sex crimes and minors who had not been the victims of the inmate's crimes be non contact visits. The bulk of Plaintiff's complaint is taken up with arguments as to why this should not be the case. In the order dismissing the original complaint, Plaintiff was advised of the follwing.

The Due Process Clause does not guarantee a right of unfettered visitation. <u>Kentucky Dep't of Corrections v. Thompson</u>, 490 U.S. 454, 460 (1989); <u>Keenan v. Hall</u>, 83 F.3d 1083, 1092 (9th Cir. 1996). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983). "The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' and therefore is not independently protected by the Due Process Clause." <u>Kentucky Dep't of Corr.</u>, 490 U.S. at 460 (quoting <u>Hewitt</u>, 459 U.S. at 468). With respect to whether plaintiff has a liberty interest arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Id</u>. at 484.

Prisoners also have no right to contact visitation. <u>Barnett v. Centoni</u>, 31 F.3d 813, 817 (9th Cir. 1994)(*per curiam*); <u>Casey v. Lewis</u>, 4 F.3d 1516, 1523 (9th Cir. 1993); <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1113-14 (9th Cir. 1986).

Here, Plaintiff's sole claim is that, though he is allowed visitation, it is not contact visitation. The law on this matter is clear. In order to state a claim for relief, Plaintiff must allege that he has been deprived of a protected interest. Plaintiff has no right to contact visitation. There are no allegations that Plaintiff has been deprived of all visitation. The

complaint was therefore dismissed. Plaintiff was granted leave to file an amended complaint.

In the first amended complaint, Plaintiff restates the allegations of the original complaint. Plaintiff does not allege that he is denied all visitation. In Plaintiff's view, the denial of contact visitation is a denial of all visitation. Plaintiff does not allege that he is not allowed non-contact visitation. Title 15, section 3173.1 of the California Administrative Code provides for non-contact visitation for those inmates denied contact visitatation.

In the order dismissing the complaint, the court informed Plaintiff of the deficiencies in his complaint, and dismissed the complaint on the ground that Plaintiff had failed to state a claim upon which relief could be granted. Because Plaintiff has not cured the deficiencies in the complaint, the court recommends dismissal of the claims made in the original complaint with prejudice for failure to state a federal claim upon which the court could grant relief. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 27, 2008**               /s/  **William M. Wunderlich**
                                       UNITED STATES MAGISTRATE JUDGE